# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HARPER,<br><br>            Petitioner,<br><br>    v.<br><br>RODERICK Q. HICKMAN,<br><br>            Respondent.<br>_____/ | CV F   05-1447 REC DLB HC<br><br>ORDER DISREGARDING PETITIONER'S REQUEST TO SET HEARING DATE<br><br>[Doc. 8] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition on November 16, 2005.  On December 23, 2005, Petitioner filed a request to set a hearing date.  (Court Doc. 8.)  The Court construes Petitioner's request as a motion for an evidentiary hearing.

      Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required.  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain

1

372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

The purpose of an evidentiary hearing is to resolve the merits of a *factual* dispute.  In the instant case, the Court has set to review the instant petition and until a thorough review of the merits of Petitioner's claims, it cannot be determined that a factual dispute necessitating an evidentiary hearing is present.[1]  Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary.

Accordingly, the request for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

Dated:   February 26, 2006           /s/ Dennis L. Beck
3b142a                              UNITED STATES MAGISTRATE JUDGE

---

[1] In fact, the Court has simultaneously directed Petitioner to either submit a completed in forma pauperis application or pay the $5.00 filing fee.